## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

JOSEPH CRUSE
Reg. # 25076-045                                                                  PETITIONER


VS.                                    2:15CV00130 JLH/JTR


CV RIVERA,
Warden, FCI Forrest City                                              RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been
sent to United States District Judge J. Leon Holmes. You may file written
objections to all or part of this Recommendation. If you do so, those objections
must: (1) specifically explain the factual and/or legal basis for your objection; and
(2) be received by the Clerk of this Court within fourteen (14) days of the entry of
this Recommendation. The failure to timely file objections may result in waiver of
the right to appeal questions of fact.

Mail any objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I. Background

Petitioner, Joseph Cruse ("Cruse"), is a federal prisoner incarcerated at FCI Forest City. He initiated this § 2241 habeas action on August 20, 2015. *Doc. 1.*

In his Petition, he alleges that, on August 5, 2015, he was unconstitutionally detained in the Special Housing Unit ("SHU") "for no specified reason, except that he may have other pending charges and an idle threat made by the SIS [Special Investigative Services] staff." *Doc. 1 at 2.*

On December 28, 2015, Cruse filed a Motion for Temporary Restraining Order (*doc. 9*) requesting an "immediate transfer" from FCI Forrest City, based on allegedly inadequate medical care. *Doc. 9.*

Respondent argues that Cruse: (1) has failed to exhaust his administrative remedies; (2) has not stated a cognizable habeas claim; and (3) is not entitled to injunctive relief. *Docs. 8 and 11.*

For the reasons discussed below, the Court recommends that the Petition for a Writ of Habeas Corpus, and the Motion for Temporary Restraining Order, be denied.

## II. Discussion

### A.    Cruse's Habeas Claim

Cruse is currently serving a twelve-month sentence, imposed on June 3, 2015, for the revocation of his supervised release. *Doc. 8-1 at 7-8.* Respondent has

produced the Affidavit of Byron Flint, an Investigative Specialist with the Bureau of Prisons. *Doc. 8-1 at 12*. According to Mr. Flint, Cruse "is a subject of a federal investigation into the beating death of an inmate at USP Leavenworth in April 2014." *Id.* Furthermore, "[a]t the request of a different federal agency, Inmate Cruse has been held in the Special Housing Unit in Administrative Segregation, and not Disciplinary Segregation, since August 5, 2015 pending the outcome of the investigation."[1] *Id.* Consistent with the facts alleged in Mr. Flint's Affidavit, Cruse admits in his habeas Petition that he is being housed in the SHU "for no specified reason, except that he may have other pending charges . . . ."

Thus, Cruse is *not* being held in the SHU for a disciplinary conviction, which could be properly challenged in a § 2241 habeas action *if* the conviction resulted in Cruse losing good-time credits. *See Portley-El v. Brill*, 288 F.3d 1063, 1066-67 (8th Cir. 2002). It is well-established that "[i]f [a] prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir.1996)).

Accordingly, the Court concludes that Cruse has not stated a viable claim for habeas relief.

---

[1] In a Supplemental Affidavit, FCI Associate Warden Michelle Parnell states that Cruse was returned to general population on December 23, 2015. *Doc. 11-2 at 3.*

### A.    Cruse's Motion for Temporary Restraining Order

In his Motion for Temporary Restraining Order, Cruse alleges that, despite having an antibiotic allergy noted in his institutional file, unnamed BOP staff gave him an antibiotic shot which caused an allergic reaction requiring his hospitalization.[2] *Doc. 9*. By way of injunctive relief, he requests "an immediate transfer from [FCI Forrest City] to an unbiased institution" for his "safety" and so he can "focus" on pursuing his habeas claim. *Doc. 9 at 2*.

Preliminary relief is granted "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits."[3] *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).  Thus, the party requesting preliminary relief must "establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."   *Id.* Cruse has not established any relationship between the alleged denial of medical care and the

---

[2] Respondent has submitted the Affidavit of Dr. Martin Tindel, the Clinical Director at FCI Forrest City. According to Dr. Tindel, Cruse's medical records show that he is allergic to penicillin, cephalosporin, amoxicillin, and doxepin HCL. *Doc. 11-1 at 2*. On August 24, 2015, Cruse was seen by health services staff for a reported spider bite, which appeared infected. *Id.* He was prescribed ten days of "Bactrin, a sulfa medication, and doxycycline, a tetracycline medication." *Doc. 11-1 at 3*. According to Dr. Tindel, the medications prescribed to Cruse were not "chemically related" to the medications he was allergic to. *Id.*

On August 24, 2015, Cruse reported "wheezing and had developed an allergic reaction after receiving his medication. He was given diphenhydramine and epinephrine injections and transferred to the local hospital. *Id.* According to the hospital records, the "allergic reaction was mild and was improved prior to his return to the institution." *Id.* Dr. Tindel opines that Cruse had an allergic reaction, but that it is "uncertain" as to what caused it. *Id.*

[3] When deciding whether to grant a prisoner preliminary injunctive relief, a court must consider:  (1) the threat of irreparable harm to the movant; (2) the balance between the harm to the movant and the harm to the nonmoving party should the injunction issue; (3) the likelihood of success on the merits; and (4) the public interest. *Arnzen v. Palmer,* 713 F.3d 369, 372 (8th Cir. 2013). Importantly, the movant bears the burden of establishing that he is entitled to a preliminary injunction.  *Roudachevski v. All-Am. Care Ctrs., Inc.,* 648 F.3d 701, 705 (8th Cir. 2011).

purported habeas claim he raises in his Petition. Additionally, he has not provided any facts or supporting documents demonstrating that he will be irreparably harmed if preliminary injunctive relief is denied. Thus, he is not entitled to preliminary relief. *See, e.g., Devose*, 42 F.3d at 471.

### III. Conclusion

IT IS THEREFORE RECOMMENDED that the Petition for a Writ of Habeas Corpus, and Petitioner's Motion for Temporary Restraining Order, be DENIED, and that the case be DISMISSED, WITH PREJUDICE.

Dated this 8th day of January, 2016.

_____
UNITED STATES MAGISTRATE JUDGE